# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RAJENDRAKUMAR PATEL, ) | |
| SAROJBEN PATEL, ) | |
| DILIPKUMAR PATEL, ) | |
| NITABEN PATEL, ) | |
| MITESH N. PATEL, ) | |
| NITINKUMAR B. PATEDAR, ) | |
| DINESH B. PATEL, ) | |
| J. S. P., N. G. P., ) | |
| R. N. P., A. P. P., ) | |
| A. R. P., D. D. P., ) | |
| R. K. P., ) | |
| RONAK K. BRAHMBHATT, ) | |
| PRAKASH S. PATEL, ) | |
|   ) | |
|   Plaintiffs, ) | |
|   ) | |
|   v. ) | Case No. 1:11-cv-00162-TWP-TAB |
|   ) | |
| RANDALL CHRISCOE and ) | |
| C&T DURHAM TRUCKING CO., INC., ) | |
|   ) | |
|   Defendants. ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This case comes before the Court on Defendants', Randall Chriscoe ("Chriscoe") and C&T Durham Trucking Co., Inc. (collectively "Defendants"), Motion to Dismiss (Dkt. 23). Plaintiffs, Rajendrakumar Patel, *et. al.* ("Plaintiffs"), filed suit in this Court alleging negligence and wrongful death, stemming from a vehicle collision between Plaintiffs' van and a semi-trailer tractor truck driven by Chriscoe, a resident of North Carolina, and owned by C&T Durham Trucking Co., Inc., ("C&T"), a business incorporated in the State of North Carolina whose principal place of business is located in Greensboro, North Carolina. Defendants allege that Indiana law applies and, thus, because Plaintiffs' claims allege violations of Illinois law,

Plaintiffs fail to state a claim upon which relief can be granted. The Court agrees. For the reasons explained below, Defendants' Motion to Dismiss (Dkt. 23) is **GRANTED**.

## I. BACKGROUND

On January 24, 2010, Plaintiffs were passengers in a van being operated by Ashokkumar Patel, traveling northbound on Interstate 65. Near mile marker 80 in Shelby County, Indiana, at the Edinburgh exit, the semi-trailer tractor truck owned and operated by C&T and driven by Chriscoe collided with the Plaintiffs' van. Two passengers in the van, Mr. Vijay R. Patel and Mr. Sujal D. Patel, died as a result of the collision. The remaining passengers were all injured. Plaintiffs and the driver of the van are all residents of Illinois and following the accident, received medical treatment in Illinois.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citation omitted). Nevertheless, the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations and quotations omitted). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain enough facts to state a claim to relief that is plausible on its face." *Killingsworth,* 507 F.2d at 618 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III.     DISCUSSION

**A.     Choice of Law**

A federal court hearing a case under diversity jurisdiction must apply the substantive law of the state in which it sits. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). If the laws of more than one jurisdiction might apply, *Erie* principles require a federal court to apply the forum state's choice of law rules. *DNET Services, LLC v. Digital Intelligence Systems Corp*., 2009 WL 1259375 (S.D. Ind. 2009). The initial determination is whether the relevant substantive laws of the different states involved are sufficiently different to require a choice of law analysis. *See Jean v. Dugan,* 20 F.3d 255, 260 (7th Cir. 1994). This determination turns on whether the differences are "important enough to affect the outcome of the litigation." *Simon v. United States*, 805 N.E. 2d 798, 805 (Ind. 2004).

The Court concludes that Defendants have demonstrated such differences in the relevant states' laws as to potentially affect the outcome of litigation. The following have been identified as areas where the applicable Indiana law differs from Illinois law: (1) Illinois allows joint-and-several liability and right of contribution, while Indiana does not; (2) unlike Indiana, Illinois does not allow for non-party defendants, it requires the filing of a third party claim for contribution; and (3) unlike Indiana, Illinois presumes pecuniary loss by descendants. Moreover, "under Illinois law, wrongful death claimants may recover for grief, sorrow, and mental suffering, but no such recovery is permissible in Indiana." *Shaneff v. U.S*., 2011 WL 1839850, at *1 (S.D. Ind. May 13, 2011). Because the Court finds sufficient conflict between the laws of Indiana and Illinois to potentially affect the outcome of the litigation, it now must determine which law to apply.

**B.     Determination of State Law**

In tort cases, Indiana's choice-of-law analysis will involve multiple inquiries, beginning

with the determination of whether the place the tort occurred is *significant*. *Simon v. United States*, 805 N.E.2d 798, 804-05 (Ind. 2004). However, in all but exceptional cases it applies the law of the place where harm occurred. *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1016 (7th Cir. 2002). "Indeed, it is a "rare case" when the place of the tort is insignificant. *Simon*, 805 N.E.2d at 806. "In a large number of cases, the place of the tort will be significant and the place with the most contacts.... In such cases, the traditional rule [lex loci] serves well." *Judge v. Pilot Oil Corp.*, 205 F.3d 335, 336 -337 (7th Cir. 2000). In instances where the place of the tort bears little connection to the legal action, the Court may consider other factors such as: (1) the place where the conduct causing the injury occurred; (2) the residence or place of business of the parties; and (3) the place where the relationship is centered. *Hubbard*, 515 N.E.2d at 1073-74.

Plaintiffs assert that even with the presumption that Indiana law should apply; it is overcome because the place of the collision is insignificant to Indiana and the most dominant connections are centered in Illinois. Plaintiffs point repeatedly to *Simon* to support their proposition. However, in *Simon*, the Indiana Supreme Court explicitly stated that the situation involved there was atypical. *See id.* ("This is one of the rare cases in which the place of the tort insignificant." "[U]nlike in cases involving an automobile accident, the laws of the state where the crash occurred did not govern the conduct of the parties at the time of the accident."). (emphasis added)

To determine whether Indiana is an insignificant contact, the Court should consider what the case is "about." *Judge v. Pilot Oil Corp.*, 17 F. Supp. 2d 832, 834 (N.D. Ind. 1998) ("The gravamen of the parents' complaint is that the security guard was negligent in shooting Judge, … Thus, the alleged negligence of the Defendants is the heart of this case."). "Because the drivers' conduct in operating their motor vehicles prior to the collision will be the focus of attention to

4

determine liability [and t]his conduct was governed by the rules of the road of the state in which the accident occurred, the place of the tort in a case arising out of a motor vehicle accident has extensive connection with the legal action." *Brown v. Enterprise Leasing Co. of Chicago*, 2007 WL 2900589 (S.D. Ind. April 19, 2007); *Tompkins v. Isbell*, 534 N.E.2d 680, 682 (Ind. App. 1989). Here the case centers on the injuries and death resulting from the alleged negligence of Chriscoe which occurred on Interstate 65 in Shelby County, Indiana. The presumption that the Court will apply the substantive law of the state of the alleged wrongdoing stands.

The Court further notes that even if sufficient conflict did not exist, forum law – Indiana law – would apply. The actions of all parties surrounding the collision, occurred in Indiana, and the resulting injuries occurred in Indiana. Although the surviving plaintiffs received their medical treatment in Illinois, the Defendants had no relationship or connection whatsoever with the state of Illinois. This Court finds Indiana to be the place where the relationship between the parties is centered. Plaintiffs' First Amended Complaint, which states violations of Illinois law only, fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss (Dkt. 23) is **GRANTED,** without prejudice. This Court further grants the Plaintiffs leave of 14 days within which to file a third Amended Complaint.

SO ORDERED.

Date: 7/07/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Robert R. Foos
LEWIS WAGNER, LLP
rfoos@lewiswagner.com

Lesley A. Pfleging
LEWIS WAGNER LLP
lpfleging@lewiswagner.com

William C. Potter
POTTER LAW GROUP, P.C.
wpotter@potterlawgroup.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Timothy M. Whiting
WHITING LAW GROUP, LTD.
twhiting@wlglaw.net